UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BOBBY MORRIS,

    Petitioner,                                                          Case No. 1:09-cv-510

v                                                                      HON. JANET T. NEFF

CINDI S. CURTIN,

    Respondent.
_____/

## OPINION

This is a habeas corpus petition filed pursuant to 28 U.S.C. § 2254. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R & R) recommending that this Court deny the petition. The matter is presently before the Court on Petitioner's objections to the Report and Recommendation. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Final Order. *See* RULES GOVERNING § 2254 CASES, Rule 11 (referring to the order disposing of a habeas petition as a "final order").

Petitioner argues that the Magistrate Judge erred in making the following determinations: (1) that trial counsel was not ineffective for failing to request a jury instruction on a lesser included offense (Pet'r Obj., Dkt 26 at 1; R & R, Dkt 25 at 11-12); (2) that the Court of Appeals did not make a decision contrary to federal law in holding that Petitioner's Confrontation Clause rights were not violated (Pet'r Obj., Dkt 26 at 2; R & R, Dkt 25 at 16-17); and (3) that Petitioner failed to establish

that his jury draw did not represent a fair cross-section of the community (Pet'r Obj., Dkt 26 at 2-3; R & R, Dkt 25 at 17-18).  Petitioner also accuses the Magistrate Judge of "jury nullification" (Pet'r Obj., Dkt 26 at 3).

Petitioner's first objection reiterates his argument that trial counsel was ineffective for failing to request a jury instruction on the lesser included offense of breaking and entering without permission (Pet'r Obj., Dkt 26 at 1).  Petitioner argues that counsel's failure to request the lesser included offense was "not only unreasonable but, also fatefully prejudicial to Petitioner . . ." (*id.*).  Petitioner states that "[a] rational view of the evidence would have supported a finding of 'entry without permission'" (*id.*).

Courts are required to be "highly deferential" in evaluating trial counsel's performance in light of an ineffective assistance of counsel claim.  *Strickland v. Washington*, 466 U.S. 668, 689 (1984).  Courts must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  *Id.*  Petitioner must overcome the presumption by showing that the challenged action could not be considered sound trial strategy under the circumstances at the time of trial.  *Id.*  As the Magistrate Judge correctly noted, Petitioner's counsel "may very well have concluded that the prosecution had failed to carry its burden as to the charge of first degree home invasion and, therefore, did not want to unnecessarily expose Petitioner to conviction of a lesser offense" (R & R, Dkt 25 at 11).  Petitioner has submitted no evidence that his counsel's decision not to request a jury instruction of a lesser included offense fell below the standard set forth in *Strickland*.  Petitioner's argument is without merit, and his objection is therefore denied.

Petitioner next objects to the Magistrate Judge's determination that he was not denied his rights under the Confrontation Clause (Pet'r Obj., Dkt 26 at 2).  Specifically, Petitioner argues that "the prosecution did not exercise due diligence in attempting to produce the [witness] at trial because it waited until two weeks before trial to serve the [witness] with a subpoena and did not take any affirmative steps to secure his appearance to trial" (*id.*).  Petitioner argues that the Michigan Court of Appeals holding that the prosecutor did exercise due diligence is contrary to *Crawford v. Washington*, 541 U.S. 36, 42 (2004), (*id.*).  The Sixth Circuit, however, in evaluating a similar case held that witnesses were unavailable under *Crawford*, even though the prosecution had waited until two weeks before trial to serve subpoenas.  *Winn v. Renico*, 175 F. App'x 728, 737-38 (6th Cir. 2006).  Here, the record shows that the prosecutor's office did much more than serve subpoenas, but also contacted both the witness's mother and his employer on multiple occasions in order to ascertain his whereabouts and produce him as a witness at trial (R & R, Dkt 25 at 15).  Therefore, as the Magistrate Judge determined, the Michigan Court of Appeal's holding was neither contrary to or an unreasonable application of federal law.  Petitioner's arguments to the contrary are without merit, and his objection is therefore denied.

With respect to his fair cross-section claim, Petitioner objects to the Magistrate Judge's determination that Petitioner failed to establish prongs two and three of the test set out in *Duren v. Missouri*, 439 U.S. 357 (1979) (Pet'r Obj., Dkt 26 at 2-3).  Petitioner argues that the Magistrate Judge's analysis is undermined by the Sixth Circuit's recent decision in *Rice v. White*, 660 F.3d 242 (6th Cir. 2011).  *Rice*, however, is a case about discriminatory peremptory challenges, not a fair cross-section case.  Petitioner's argument is without merit, and his objection is therefore denied.

Finally, Petitioner asserts that the Magistrate Judge's recommendations amount to "jury nullification" in light of the jury's acquittal of Petitioner on the charges of assault and larceny (Pet'r Obj., Dkt 26 at 3).  In support of his assertion, Petitioner cites to several Sixth Circuit and Supreme Court cases, but without any explanation of their relevance.  Because Petitioner has not presented any argument challenging the Magistrate Judge's reasoning or conclusions, his objection is without merit, and is therefore denied.

Having determined Petitioner's objections lack merit, the Court must further determine pursuant to 28 U.S.C. § 2253(c) whether to grant a certificate of appealability as to the issues raised.  *See* RULES GOVERNING § 2254 CASES, Rule 11 (requiring the district court to "issue or deny a certificate of appealability when it enters a final order").  The Court must review the issues individually.  *Slack v. McDaniel*, 529 U.S. 473 (2000); *Murphy v. Ohio*, 263 F.3d 466, 466-67 (6th Cir. 2001).

"Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward:  The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack,* 529 U.S. at 484.  Upon review, this Court finds that reasonable jurists would not find the Court's assessment of Petitioner's claims debatable or wrong.  A certificate of appealability will therefore be denied.

A Final Order will be entered consistent with this Opinion.


Date: March  13 , 2012                                 /s/ Janet T. Neff                                   
                                                                           JANET T. NEFF
                                                                           United States District Judge